John D. McKay, Esq.
California Bar No. 220202
PARK AVENUE LAW LLC
127 W. Fairbanks Ave. #519
Winter Park, FL 32789
johndmckayatty@gmail.com
(800) 391-3654 Telephone
(407) 264-6551 Fax
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENA KAY SOVERNS, ) | No. 5:20-cv-6258 |
|     Plaintiff, ) | |
| ) | |
| ) | COMPLAINT AND |
| vs. ) | DEMAND FOR JURY TRIAL |
| ) | |
| ) | |
| DELTA AIR LINES, INC., ) | |
|     Defendant. ) | |
| _____ ) | |

For her Complaint against Defendant, Delta Air Lines, Inc., Plaintiff, Rena Kay Soverns, alleges the following:

<u>Jurisdiction</u>

This Court has jurisdiction over this civil action pursuant to 28 U.S.C. §1332 because it is a suit between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

<u>Venue</u>

Venue is proper in this District pursuant to 28 U.S.C. §1391, subsections (b)(1), (b)(2), (c)(2), and (d) because a substantial part of the events or omissions giving rise to the claim occurred at or en route to Norman Y. Mineta San Jose International Airport (SJC) within this District, and Defendant is deemed by that statute to reside in any judicial district in which it is subject to the Court's personal

jurisdiction with respect to this civil action, and/or in any district within California within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State. Defendant leases commercial property at SFO from the City and County of San Francisco acting by and through its Airport Commission, leases commercial property at Oakland International Airport (OAK) from the Port of Oakland within this District, leases, commercial property at SJC from the City of San José within this District, operates daily scheduled domestic and international flights to and from SFO, OAK and SJC, employs hundreds of employees within this District, and regularly solicits business from the citizens of this District.

Intradistrict Assignment

Assignment of this action to the San Jose Division is proper because Defendant's regularly conducted operations are located in Santa Clara County and Plaintiff was aboard a flight traveling to SJC in Santa Clara County when she was injured.

The Parties

1. Plaintiff, Rena Kay Soverns, is an individual resident and citizen of Salinas, California, and has been at all times relevant hereto.

2. Defendant, Delta Air Lines, Inc., is a Delaware corporation that is corporate citizen of the State of Georgia, where it maintains its principal business offices. Defendant operates an airline that makes regularly scheduled flights between California and numerous domestic and international airports.

Particulars of the Claim

3. Plaintiff purchased a round-trip ticket for travel on Defendant's airline from SJC to Fargo, North Dakota and back to SJC, the travel to occur during the month of July, 2019.

4. On July 6, 2019, shortly after boarding Defendant's aircraft to begin the return leg of her trip, Plaintiff requested assistance from one of Defendant's employees, a flight attendant, in lifting her carry-on bag for stowage in the overhead luggage bin of the aircraft. The flight attendant agreed after Plaintiff informed her that she was unable to lift the bag by herself. Relying on that agreement, and believing that the flight attendant was going to provide substantial assistance, Plaintiff began to lift the bag toward the overhead bin. The flight attendant merely placed her hand on the bag, but negligently failed to provide any assistance or support for the weight of the bag that Plaintiff had lifted.

5. As a result of the flight attendant's negligent failure to provide the assistance that she had agreed to provide to Plaintiff, the bag fell back onto Plaintiff, driving her backwards into a row of seats and severely injuring her lumbar spine. The accident also aggravated certain pre-existing medical problems.

6. Plaintiff experienced considerable pain and discomfort from the injuries she sustained on Defendant's aircraft. She continued her travel back to SJC and received medical treatment from the Department of Veterans Affairs at its Palo Alto, California VA Health Care System. Her treatment is continuing.

7. At all times relevant hereto, Defendant's flight attendant was acting within the scope of her employment with Defendant, and Defendant is liable for her negligence under the doctrine of *respondeat superior*.

8. Defendant is a common carrier and therefore was bound to use the utmost care and diligence to secure the safety of its passengers, including Plaintiff. "A carrier of persons for reward must use the utmost care and diligence for their safe carriage, must provide everything necessary for that purpose, and must exercise to that end a reasonable degree of skill." (Calif. Civ. Code, § 2100).

A common carrier "is responsible for any, even the slightest, negligence and is required to do all that human care, vigilance and foresight reasonably can do under given circumstances." (*Irwin v. Pacific Southwest Airlines*,133 Cal.App.3d 709, 715 (1982)). Defendant's employees were also bound to use the utmost care and diligence to secure the safety of Defendant's passengers, including Plaintiff. In the alternative, they owed Plaintiff a duty of reasonable care to prevent harm to her.

9. By leading Plaintiff to believe that she would be assisting Plaintiff with the lifting and stowage of the bag in the overhead bin, and then failing to provide such assistance or providing it in a manner that did not support any of the weight of the bag after Plaintiff lifted it, which resulted in the bag falling back onto Plaintiff, the flight attendant breached Defendant's duty of care owed to Plaintiff. That breach was the proximate cause, or a proximate cause, of Plaintiff's injuries.

9. As a result of the aforesaid injuries, Plaintiff suffered great pain and discomfort, disfigurement, embarrassment and mental anguish. To the extent that her injuries are permanent in nature, she will continue to suffer pain, discomfort, disfigurement, embarrassment and mental anguish for the remainder of her life. Plaintiff was born in 1955 and is currently 65 years old. According to statistics maintained by the United States Social Security Administration, her life expectancy is greater than 21 years.

10. Plaintiff is entitled to fair and just compensation for her physical injuries, the associated mental distress and anxiety, her pain and suffering and embarrassment, and all discomfort, inconvenience and other *sequelae* of her injuries, as well as any and all permanent effects of such injuries, under the negligence laws of the State of California.

11. No negligence, wrongful act or omission by Plaintiff contributed in any way to the injuries and/or damages that she sustained.

WHEREFORE, Plaintiff, Rena Kay Soverns, demands judgment against Defendant, Delta Air Lines, Inc., in an amount not less than FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), plus pre-judgment interest from August 2, 2019 and post-judgment interest and her costs of this action, together with such other and further relief as the Court and/or jury shall deem just.

PLAINTIFF DEMANDS TRIAL BY JURY.

DATED this 3rd day of September, 2020.

                                           _____s/ John D. McKay_____
                                           John D. McKay
                                           Counsel for Plaintiff