1

2

3                  **UNITED STATES DISTRICT COURT**

4                **NORTHERN DISTRICT OF CALIFORNIA**

5                      **SAN JOSE DIVISION**

6

7    RENA KAY SOVERNS,                Case No.  20-cv-06258-BLF

8                    Plaintiff,

9          v.                          **ORDER ON MOTIONS IN LIMINE
                                        AND MOTION TO AMEND WITNESS
10   DELTA AIR LINES INC.,             LIST**

11                   Defendant.        [Re: ECF Nos. 56, 57, 62, 63, 74]

12

13          In preparation for trial the Court held the Final Pretrial Conference on March 31, 2023,

14   during which the Court issued oral rulings on the parties' motions *in limine* and Delta's motion to

15   amend its witness list. *See* ECF Nos. 56, 57, 62, 63, 74. The Court's rulings on the motions are set

16   forth as follows.

17   **I.    PLAINTIFF'S MOTIONS IN LIMINE**

18      **A.    Plaintiff's Motion *in Limine* No. 1 to Exclude Introduction of Hearsay in
                Medical Records and Testimony by Defense Expert Clement Jones, M.D., on
19              Subjects Outside of Orthopedic Surgery**

20          Soverns moves to exclude the introduction of purported out-of-court statements in her

21   medical records as inadmissible hearsay.  Pls.' MIL No. 1, at 1, ECF No. 62.  Soverns also moves

22   to exclude testimony by Delta's expert witness Clement Jones, M.D., about matters outside of the

23   field of orthopedic surgery.  *Id.*  Regarding Soverns's medical records, Delta responds that it

24   thought the parties had stipulated to their admissibility.  Def.'s Opp'n to Pls. MIL No. 1, at 2-3.

25   Delta argues that the MIL is nevertheless moot, as Delta now intends to call trial witnesses to lay

26   the foundation for the records.  *Id.* at 3-4.  Regarding Dr. Jones's testimony, Delta argues that Dr.

27   Jones is qualified to opine on matters outside of orthopedic surgery.  *Id.* at 4-5.

28          The Court begins with Soverns's request to exclude her medical records.  The parties'

United States District Court
Northern District of California

1   dispute centers on what Delta's experts may disclose about Soverns's medical records.  At oral

2   argument, Delta explained that it does not intend to offer the medical records themselves or have

3   its experts read the medical records to the jury.  Rather, Delta intends to have its experts explain

4   that they relied on the records in forming their opinions.  Such testimony is permissible under

5   Federal Rule of Evidence 703.  *See Erhart v. BofI Holding, Inc.*, 445 F. Supp. 3d 831, 839 (S.D.

6   Cal. 2020) ("Experts may offer opinions based on otherwise inadmissible testimonial hearsay if

7   experts in the particular field would reasonably rely on those kinds of facts or data in forming an

8   opinion on the subject, and if they are applying their training and experience to the sources before

9   them and reaching an independent judgment, as opposed to merely acting as a transmitter for

10   testimonial hearsay." (internal quotation marks, citations, and brackets omitted)).  The Court

11   therefore DEFERS ruling on Soverns's motion to exclude medical records and will assess

12   objections at the time the testimony is offered.

13          The Court next turns to Soverns's request to preclude Dr. Jones from opining on anything

14   other than orthopedic surgery.  Soverns argues that because Dr. Jones is not a neurologist,

15   neurosurgeon, or psychiatrist, and has not received training in those fields he cannot offer opinions

16   concerning "peripheral polyneuropathy" or "the possible effects of PTSD, marital trauma,

17   depression, and childhood sexual trauma on Soverns's current condition."  Plf.'s MIL No. 1, at 4.

18   Dr. Jones is a medical doctor with generalized medical training.  He does not lose this generalized

19   training by specializing in orthopedic surgery.  To the extent Soverns seeks to challenge Dr.

20   Jones's purported lack of particularized training, the proper avenue is through cross-examination

21   and presentation of contrary evidence, not exclusion.  *See Rearden LLC v. Walt Disney Co.*, No.

22   17-CV-04006-JST, 2021 WL 6882227, at *4 (N.D. Cal. July 12, 2021) ("Lack of particularized

23   expertise goes to the weight to be accorded the expert's testimony, not the admissibility of her

24   opinion as an expert."); *see also* Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 596 (1993)

25   ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the

26   burden of proof are the traditional and appropriate means of attacking shaky but admissible

27   evidence.").  Accordingly, Soverns's request to exclude testimony by Dr. Jones about matters

28   outside of the field of orthopedic surgery is DENIED.

United States District Court
Northern District of California

**B.     Plaintiff's Motion in Limine No. 2 to Exclude Testimony by Defense Expert Maureen Miner and Supplemental Report of Defense Expert Jones**

Soverns moves to exclude at trial the introduction of testimony from Defendant's expert Maureen Miner, M.D., because her disclosure was not timely, and to exclude the Supplemental Report of Defendant's Expert Clement Jones, M.D. and testimony concerning its contents, because it was not disclosed prior to the applicable disclosure deadline.  Pls.' MIL No. 2, at 1, ECF No. 63.  Delta argues that the Court should exercise its discretion to not exclude the testimony because Soverns cannot demonstrate prejudice arising from any purportedly late disclosure.  Def.'s Opp'n to Pls.' MIL No. 2, at 2, ECF No. 68.

The Court agrees with Delta that the testimony should not be excluded.  A party that fails to provide information or identify a witness as required by Rule 26(a) or (e) may not use that information or witness to supply evidence at trial unless the failure was "substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  "Among the factors that may properly guide a district court in determining whether a violation of a discovery deadline is justified or harmless are: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence."  *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010).  "The burden is on the party facing exclusion of its expert's testimony to prove the delay was justified or harmless."  *Id.* (citing *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1107 (9th Cir. 2001)).

Here, Delta untimely disclosed Dr. Miner, her report, and the supplemental report of Dr. Jones, but the considerations outlined in *Lanard Toys* show the late disclosure to be harmless.  Specifically, (1) the Court finds that Soverns suffered only minimal prejudice from the late disclosures because they were made months before trial; (2) Soverns had the ability to cure the minimal prejudice when Delta offered to make both experts available for deposition; (3) there is no likelihood of disruption of the trial; and (4) Delta's late disclosure was not made in bad faith.  Accordingly, Sovern's motion is DENIED.

United States District Court
Northern District of California

## II.   DEFENDANT'S MOTIONS IN LIMINE

### A.   Defendant's Motion in Limine 1 to Exclude Evidence of Medical Billing

Delta moves to preclude Soverns from introducing evidence of her gross medical billing for the purpose of establishing future medical costs and noneconomic damages. *See* Def.'s MIL No. 1, at 3, ECF No. 56. At oral argument Soverns stated that she will not seek to admit this evidence. Accordingly, Delta's motion is DENIED as MOOT.

### B.   Defendant's Motion in Limine 2 to Preempt State Standard of Care

Delta moves for an order determining that the applicable standard of care in this matter, pertaining to the handling of passengers with disabilities by airlines, is preempted by federal law under the doctrine of field preemption. Def.'s MIL No. 2, at 2, ECF No. 57. Since Delta filed its motion, the parties have stipulated that Delta "will not contest its liability for being the sole cause of the subject accident on July 6, 2019, between itself and Soverns." ECF No. 84. The parties have also submitted a proposed joint statement of the case in which "Delta admits that it is at fault for the accident." ECF No. 76. Accordingly, Delta's motion is DENIED as MOOT.

## III.   DEFENDANT'S MOTION TO AMEND WITNESS LIST

Delta moves to amend its witness list to add custodians to authenticate Soverns's medical records. Mot. to Amend Witness List, ECF No. 74. As discussed above in relation to Soverns's motion to exclude these records, Delta does not seek to admit the records. Delta therefore does not need witnesses to authenticate the records. Accordingly, Delta's motion to amend its witness list is DENIED.

//
//
//
//
//
//
//
//

**IT IS SO ORDERED.**

- Plaintiff's Motion in Limine No. 1 is DEFERRED IN PART and DENIED IN PART.

- Plaintiff's Motion in Limine No. 2 is DENIED.

- Defendant's Motion in Limine No. 1 is DENIED as MOOT.

- Defendant's Motion in Limine No. 2 is DENIED as MOOT.

- Defendant's Motion to Amend Witness List is DENIED.

Dated:  April 3, 2023

_____
BETH LABSON FREEMAN
United States District Judge